IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| PORFIRIO GARCIA, Individually; As Personal Representative of BEATRIZ GARCIA, Deceased; and As Next Friend of D.G., A.G., and J.G., <br><br> Plaintiff, <br><br> v. <br><br> FORD MOTOR COMPANY, et al., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> §CIVIL NO: 1:12-CV-181 <br> § <br> § <br> § <br> § |

## ORDER

BE IT REMEMBERED, that on April 3, 2013, the Court considered Plaintiff's Opposed Motion to Remand, Dkt. No. 8, and Defendant Ford Motor Co.'s ("Ford") First Supplemental Notice of Removal together with the accompanying exhibits.[1] Dkt. No. 6.

Plaintiff Porfirio Garcia filed his First Amended Petition in the 107th Judicial District Court of Cameron County, Texas on July 31, 2012. Dkt. No. 6 Ex. 4. He avers that he resides in Portland, Texas. *Id.* ¶ 2. He brings negligence, products defects, and breach of implied warranty claims under Texas law arising out of an alleged automobile accident caused by tire tread separation. *See ibid.* Plaintiff sues in his individual capacity, as the personal representative of the Estate of Beatriz Garcia ("Garcia"), and as the next friend of Garcia's three minor children who were also allegedly injured in the accident.[2] *Id.*

---

[1] By order dated October 3, 2012, this Court sealed Ford's Notice of Removal because it and the attached exhibits included the unredacted names of minors. *See* FED. R. CIV. P. 5.2(a)(3). In compliance with that order, Ford filed a redacted Notice of Removal on October 4, 2012. Dkt. No. 6.

[2] Plaintiff does not specify the nature of his relationship with Beatriz Garcia beyond these allegations.

1

Ford removed this case based on an allegation of diversity of citizenship under 28 U.S.C. §§ 1441(a) and 1332. Dkt. No. 1; *see also* Dkt. No. 6. Because it is the party invoking federal diversity jurisdiction, Ford "must 'distinctly and affirmatively allege' the citizenship of the parties," and "[f]ailure adequately to allege the basis for diversity jurisdiction mandates dismissal." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (alteration omitted) (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir .1991)) (other citations omitted). Plaintiff named, inter alia, Auto Maple, Inc. d/b/a Socio Used Cars II ("Socio") as a defendant. Dkt. No. 6 Ex. 4 ¶ 5. Ford contends that, although Socio is incorporated in Texas and keeps its principal place of business in Texas, Socio's citizenship should be disregarded for diversity purposes because Plaintiff improperly joined it to defeat diversity jurisdiction. Dkt. No. 1 ¶ 11. Plaintiff has filed a motion to amend in which he argues that Ford has failed to carry its burden to establish improper joinder. *See generally* Dkt. No. 8.

After reviewing Ford's Notice of Removal and the record in this case, the Court cannot determine whether complete diversity exists among the parties regardless of whether Plaintiff improperly joined Socio. Plaintiff names Bridgestone Americas Tire Operations, LLC; Bridgestone Firestone North American Tire; and Bridgestone Americas, Inc. as defendants in his First Amended Petition. Dkt. No. 6 Ex. 4 ¶¶ 3,4. Defendant Ford Motor Co. avers in its Notice of Removal that Plaintiff named Bridgestone Americas, Inc.; Bridgestone Firestone North American Tire, LLC; and Bridgestone Americas Tire Operations, Inc. as defendants. Dkt. No. 6 ¶ 1. The latter list of Bridgestone entities matches the list appearing on Bridgestone Firestone North American Tire, LLC's Notice of Consent to Removal. *See* Dkt. No. 6 Ex. 14 at 1. Ford gives no reason for the *sub silencio* substitution of Bridgestone Firestone North American Tire, LLC for the entity named in the First Amended Petition without the LLC suffix—Bridgestone Firestone North American Tire. *Compare Dkt*. No. 6 ¶ 1 *with* Dkt. No. 6 Ex. 4 ¶ 1. Nor does Ford allege the citizenship of the latter entity.

Moreover, for diversity purposes, the citizenship of a limited liability corporation "is that of all of its members." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 n.6 (5th Cir. 2009) (citing *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008)). Ford does not allege the citizenship of any of the members of the LLC's it contends were named as defendants. *See* Dkt. No. 6 ¶ 10 (alleging state of incorporation and principal place of business of Bridgestone Americas Tire Operations, LLC); *compare also id.* ¶ 1 with *id.* ¶ 3 (giving differing names of LLC's).

Finally, pursuant to 28 U.S.C. § 1332(c)(2), "the legal representative of the estate of a decedent is deemed to be a citizen of the same state as the decedent for diversity purposes." *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 47–48 (5th Cir. 2003). As mentioned above, Plaintiff brings this action, *inter* alia, in his capacity as the personal representative of Beatriz Garcia. Dkt. No. 6 Ex. 4 ¶ 1. Ford, however, does not allege the citizenship of Beatriz Garcia in its Notice of Removal or elsewhere in the record.

In light of the foregoing, the Court will provide Ford with an opportunity to amend its jurisdictional allegations. *See* 28 U.S.C. § 1653 (2012); *Molett v. Penrod Drilling Co.*, 872 F.2d 1221, 1228–29 (5th Cir. 1989) (per curiam). The Court therefore **ORDERS** that Defendant Ford Motor Co. may amend its Notice of Removal within 21 days after the entry of this order. Failure adequately to allege the basis of this Court's jurisdiction may result in remand of this action for lack of subject-matter jurisdiction under 28 U.S.C. § 1447(c).

SIGNED this 3rd day of April, 2013.

_____
Hilda G. Tagle
Senior United States District Judge